IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 10, 2015

**TONY C. WOODS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 89W286     Steve R. Dozier, Judge**

_____

**No. M2014-01660-CCA-R3-ECN – Filed October 15, 2015**

_____

Petitioner, Tony C. Woods, filed a petition for writ of error coram nobis on December 17, 2013, seeking a new trial of the offenses for which he was convicted in 1989: first degree murder, armed robbery, and possession of an illegal firearm, a sawed-off shotgun. The petition for writ of error coram nobis alleges that he is entitled to relief because the forensic medical examiner who testified at his trial had his medical license revoked in 2005 due to "intentional misdeeds." The coram nobis court dismissed the petition because it was filed outside the applicable statute of limitations, and no due process concerns precluded application of the limitations period. After a full review, we affirm the judgment of the coram nobis court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right, Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Elaine Heard, Nashville, Tennessee, for the Appellant, Tony Craig Woods.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

Petitioner alleges the following facts in his petition for writ of error coram nobis:

1. Medical examiner Dr. Charles W. Harlan testified for the State at Petitioner's trial in 1989. Dr. Harlan's testimony "was crucial to the prosecution's case."

2. Petitioner found out during his parole hearing in August 2011 "about Dr. Harlan's troubles with the law, with his profession, and the permanent loss of his medical license due to his intentional misdeeds" in his capacity as a forensic medical examiner.

3. According to an exhibit attached to the petition for writ of error coram nobis, the disciplinary order resulting from the above alleged misdeeds was entered May 4, 2005, almost sixteen years after Petitioner's trial.

4. Petitioner stated that "of specific interest to [Petitioner] were the allegations and findings that Dr. Harlan had provided, in numerous jury trial settings, incorrect, incompetent, and sometimes intentionally deceitful testimony."

Petitioner did not allege any specific findings of this type of conduct by Dr. Harlan during Petitioner's trial. In fact, Petitioner did not attach a copy of the order detailing the findings of misconduct by Dr. Harlan. The only document pertaining to the disciplinary order contained in the appellate record is a letter from Juanita Stone, Disciplinary Coordinator for the Tennessee Department of Health, dated May 22, 2013, stating that attached to her letter is the Final Order of discipline for Dr. Harlan. Apparently Petitioner had access to the Final Order which is not in the record because the petition states that Dr. Harlan was "found guilty" of eighteen specified charges. The *sole* allegation by Petitioner as to improper testimony by Dr. Harlan during Petitioner's trial is that Dr. Harlan testified the murder was "heinous" and "an execution style murder." Petitioner asserts the "evidence and autopsy reports came nowhere near such a conclusion."

Petitioner did not cite any evidence at trial that contradicts this one example of Dr. Harlan's testimony. Petitioner did not attach a copy of the autopsy report. However, the State attached a "Report of Investigation by County Medical Examiner." That report shows that the murder victim suffered a contact shotgun wound at the back of her head.

A petition for writ of error coram nobis must be filed within one year of the judgment becoming final in the trial court. T.C.A. §§ 27-7-103; 40-26-105(a). In the case *sub judice*, the State asserts in its response to the petition that Petitioner's motion for new trial was denied on January 19, 1990. Therefore, the statute of limitations for timely filing of a petition for writ of error coram nobis expired in January 1991. Petitioner's petition was not filed until December 2013, almost twenty-three years after the statute of limitations had expired.

2

Dr. Harlan's medical license revocation, which Petitioner claims is the new evidence entitling him to relief, was done in 2005. This record reflects that Dr. Harlan died in the fall of 2013. However, in a coram nobis proceeding heard prior to his death, "Dr. Harlan confirmed that his license to practice medicine in Tennessee was revoked in 2005 due to *conduct that began in 1994*." *Stephan Lajuan Beasley, Sr.*, No E2013-00695-CCA-R3-CO, 2014 WL 2532401 (Tenn. Crim. App. June 2, 2014)(emphasis added). Petitioner's trial was in 1989, five years prior to that conduct.

Petitioner is correct that the statute of limitations for coram nobis proceedings must be tolled if application of the limitations period violates a petitioner's due process rights. *Wlodarz v. State*, 361 S.W.3d 490, 499 (Tenn. 2012). However, Petitioner waited more than two years after he learned of Dr. Harlan's conduct before filing the petition. Furthermore, this Court has twice held that the revocation of Dr. Harlan's medical license and the findings of the medical disciplinary board did not constitute "new evidence" as contemplated by the statute which allows coram nobis relief in appropriate cases. *Stephan Lajuan Beasley, Sr.*, at \*5; *Phyllis Ann McBride*, No. M2009-01467-CCA-R3-PC, 2010 WL 2134157 at \*4 (Tenn. Crim. App. May 27, 2010).

The evidence in the record does not preponderate against the finding of the trial court and no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, PRESIDING JUDGE